CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

MAY 15 2023

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:14-cr-27 |
| v. | ) | |
| | ) | |
| NANCY ELLEN SNYDER, | ) | By:  Michael F. Urbanski |
| Defendant-Petitioner | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on Nancy Ellen Snyder's motion for compassionate release, ECF No. 638. The government has responded, ECF No. 644, and Snyder has filed additional replies. ECF Nos. 645–49. Snyder's motions are based on her mother's health conditions. The government opposes Snyder's motion, arguing that she fails to present "extraordinary and compelling reasons" for compassionate release and that even if such reasons are present, the relevant § 3553(a) factors weigh against a sentence reduction. As discussed below, the court will **DENY** Snyder's motion.

I.

On September 15, 2014, Snyder entered into a plea agreement in which she pled guilty to one count of conspiring to possess with intent to distribute and to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Snyder faced a statutory mandatory minimum term of imprisonment of 10 years and a maximum of life. Plea Agreement, ECF No. 251 at 1. She agreed that she was responsible for distributing between 5 and 15 kilograms of methamphetamine. Id. at 3.

Based on drug weight, Snyder had a base offense level of 34. Presentence Investigation Report (PSR), ECF No. 410 ¶ 131. She received 2 additional points for possession of a firearm, 2 points for maintaining a premises for the purpose of distributing methamphetamine, and 4 points for being an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, for an adjusted offense level of 42. She received a 3-point reduction for acceptance of responsibility, giving her a total offense level of 39. Id. ¶¶ 132–141. Her total offense level combined with her criminal history category of I gave her a guidelines sentencing range of 262 to 327 months. The government filed a motion for substantial assistance and on December 17, 2015, Snyder was sentenced to a term of 148 months to be followed by a 5-year term of supervised release. J., ECF No. 408. Snyder is incarcerated at Federal Prison Camp Alderson and has an expected release date of June 14, 2025.[1]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction

---

[1] See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last viewed April 28, 2023) (search "Nancy Ellen Snyder").

... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Snyder's requested relief requires the court to consider (1) if she exhausted her administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in her sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

### A. Exhaustion

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Snyder asserts that she submitted her request for compassionate release to the Warden of Federal Prison Camp Alderson on June 1, 2022, and it was denied on June 14, 2022. ECF No. 638-1. She filed this pending motion for compassionate release more than 30 days after she filed her request to the warden and the government does not contest that Snyder has exhausted her administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Snyder has satisfied the statute's exhaustion requirements.

### B. Extraordinary and Compelling Reason

The court must next consider whether Snyder has shown an extraordinary and compelling reason for a reduction in her term of imprisonment. The United States Sentencing Commission Guidelines Manual ("USSG") § 1B1.13 policy statement provides that

3

"extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the Bureau of Prisons ("BOP") for "other reasons" than, or in combination with, those described in Application Notes (A)–(C).[2] The court notes that this policy statement, while governing only for BOP-filed motions for compassionate release, "remains helpful guidance even when motions are filed by defendants."[3]

Snyder asserts that her mother's health is an extraordinary and compelling reason warranting a reduction in her sentence. Snyder's mother, Sonia Easter, is 84 years old and has very serious health issues. Although she has lived all her life in Virginia, Easter currently lives with a daughter, Lisa Frazier, in North Carolina. Easter cannot live by herself because it is too much work to maintain her home and because she is undergoing chemotherapy treatments. Easter begs to go to her home in Virginia and is afraid she will die without being able to get back in her own home. Frazier takes Easter to her home in Virginia every other weekend, which is very expensive. In addition, the trips from Frazier's home to Easter's home are debilitating for Easter and cause a great deal of mental stress. Frazier works full-time and it is exhausting for her to maintain employment and also care for her mother. Letter from Lisa Frazier dated January 25, 2023, ECF No. 649. Snyder argues that these circumstances present an "extraordinary and compelling" reason warranting a sentence reduction under the

---

[2] See U.S. Sentencing Comm., Guidelines Manual § 1B1.13 at cmt. n.1(A)–(D).
[3] United States v. McCoy, 981 F.3d 271, 280-84, 282 n.7 (4th Cir. 2020).

4

compassionate release statute because she needs to be released to take care of her mother in her mother's own home.

The USSG § 1B1.13 policy statement provides only two family circumstances which present extraordinary and compelling reasons for compassionate release: (1) where the caregiver of the defendant's minor child dies or becomes incapacitated, or (2) where the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver. Courts have occasionally found extraordinary and compelling circumstances in parental caretaking claims, but only in cases of extreme need where the defendant is the only possible caretaker of the parent.

For example, in United States v. Hicklin, No. 6:16-cr-2, 2020 WL 7406791, at *3 (W.D. Va. Dec. 11, 2020), the court found that a defendant showed an extraordinary and compelling circumstance warranting compassionate release where he was the only possible caretaker for his mother who had severe medical issues and who herself took care of a disabled adult daughter. Similarly, in United States v. Bucci, 409 F.Supp.3d 1, 2 (D. Mass. 2019), the court granted compassionate release upon a finding that the defendant was the only available caregiver for his ailing mother. See also United States v. Hernandez, No. 16-20091-CR-Williams, 2020 WL 4343991 (S.D. Fla. April 3, 2020) (granting compassionate release when defendant showed he was the only potential caregiver for his mother who had cancer, was functionally blind, and had mobility limitations) and United States v. Walker, No. 1:11 CR 270, 2019 WL 5268751, at * 2 (N.D. Ohio Oct. 17, 2019) (granting compassionate release to defendant who provided undisputed evidence to the court of his mother's serious illness, along

with a showing that he had an unusual and lucrative job opportunity and was scheduled for release to a halfway house three within three months).

In Snyder's case, she has not shown that she is the only available caregiver for her mother. To the contrary, her mother currently lives with Snyder's sister who is providing the care she needs. In addition, it appears that there are other relatives who might be able to assist with Easter's care. According to letters submitted to the court, Frazier's husband is retired, and Snyder has two adult daughters. Letter from Gary Hancock, ECF No. 638-5; Frazier Letter, ECF No. 649. While the court will not assume that these people are available to assist with Easter's care, Snyder, who has the burden of showing that she is the only available caregiver, did not explain why these other relatives are unable to assist Frazier.

The court understands that Frazier is exhausted by caring for her mother while working full time and that it would benefit her to have some help from Snyder, but Application Note C requires a showing that the defendant is the "only available caregiver," and Snyder has not made that showing. See United States v. Jones, No. PJM 94-0441, 2022 WL 3139810 (D. Md. Aug. 4, 2022) (finding defendant did not show an extraordinary and compelling reason for compassionate release when his mother was in hospice care and reported to be relaxed and comfortable, neither the defendant nor his mother described the care he would provide, and other relatives who submitted letters to the court in support of defendant's release did not state that they were unable to care for the defendant's mother); (United States v. Allen, No. 4:13-cr-00024, 2021 WL 3025458, at *3 (W.D. Va. July 16, 2021) (denying compassionate release where defendant did not show he was his mother's only available caregiver or that she was disabled); United States v. Shovely, No. 7:15-cr-00105, 2021 WL 667906, at *3 (W.D. Va. Feb. 19, 2021)

("Shovely's desire to care for his parents is admirable and [he] is their only child, but he has neither argued nor demonstrated that he is their 'only available caregiver,' as required by Application Note C."); United States v. Richardson, No. 5:18-CR-507-IFL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) (declining to grant compassionate release "in the absence of a robust evidentiary showing that defendant is the only available caregiver").

In addition, in letters submitted to the court, Frazier and one of Easter's nephews reiterate how much Easter would like to return to her own home and receive treatment there. Hancock, Letter, ECF No. 638-5; Frazier Letter, ECF No. 649; Letter from Lisa Frazier dated November 17, 2022, ECF No. 638-8. Also, some of their desire for Snyder to be released is based on concerns that Easter is unable to perform basic home maintenance such as mowing, yardwork, carrying wood for her wood stove, doing basic home repairs, and caring for animals. Letter from Deborah Greer, ECF No. 638-3. The court does not question Snyder's or her relatives' sincerity about their desire to provide Easter with care in her own home and is sympathetic to Easter's desire to be in her lifelong home. Nevertheless, these concerns do not present an "extraordinary and compelling" reason to grant compassionate release because many elderly people must make other living arrangements when they are no longer able to live at home. See also United States v. Crisp, No. 1:11-cr-00026-JLT-1, 2022 WL 3448307, at *2 (E.D. Cal. Aug. 17, 2022) ("If a sick parent—absent truly extraordinary circumstances—was considered a compelling reason, virtually any inmate seeking a sentence reduction on this ground could produce one."); United States v. Ingram, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (noting that the need to care for an elderly parent was not

7

extraordinary because "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.")

The court empathizes with Snyder's difficult family situation and her desire to care for her mother, but her circumstance is not an extraordinary and compelling reason that warrants a reduction in her sentence. Snyder's mother has numerous health conditions requiring care and assistance, but to meet these needs, she lives with her daughter and has other relatives who may be able to assist with her care. The court finds that because Snyder has not shown that she is the only possible caretaker of her mother, her circumstances do not meet the unique and compelling circumstances regarding parental health required for sentence reduction. Because the court has determined that Snyder has not shown an extraordinary and compelling reason for a sentence reduction, it will not address the 18 U.S.C. § 3553(a) factors.

### III.

For the reasons stated herein, the court **DENIES** Snyder's motion for compassionate release, ECF No. 638. The clerk is directed to send a copy of this order to the petitioner, her counsel of record, and the United States.

It is so **ORDERED.**

Entered: May 15, 2023

Michael F. Urbanski
Chief United States District Judge